**ESTATE OF Raymond J. MORGAN, Deceased, Appellant,**

v.

**NORTH STAR STEEL COMPANY, Appellee.**

**No. 90–1628.**

Supreme Court of Iowa.

May 13, 1992.

David Scieszinski, Wilton, for appellant.

Iris E. Muchmore and Matthew J. Petrzelka of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

The court of appeals dismissed this appeal, for lack of jurisdiction, on the ground that a motion for enlargement of findings and conclusions under Iowa Rule of Civil Procedure 179(b) had not been filed within ten days of the court's order and therefore could not extend the thirty-day time for appeal under Iowa Rule of Appellate Procedure 5(a). We vacate the court of appeals decision, reverse the district court, and remand.

Raymond J. Morgan, who was an employee of North Star Steel Company, was injured on the job on August 5, 1986. Following surgery, and a period of light duty at work, Morgan was terminated by North Star. He died of unrelated causes on February 17, 1989.

His estate filed an employment discrimination case under Iowa Code chapter 601A (1989), but the district court entered a judgment for North Star on August 30, 1990. The estate filed an application for enlargement of the findings and conclusions of the court on September 11, 1990, which appears to be beyond the ten days permitted for such a motion. *See* Iowa R.Civ.P. 179(b), 247 (posttrial motions to be filed within ten days). The district court dismissed the estate's motion on this ground

on September 28, 1990. The estate appealed on October 29, 1990.

Ordinarily, a rule–179(b) motion extends the time for appeal, which will then run from the ruling on the motion. *In re Estate of Dull,* 303 N.W.2d 402, 404 (Iowa 1981) (motion for new trial treated as rule–179(b) motion). However, if the rule–179(b) motion is itself untimely, it is ineffective to extend the time for appeal under appellate rule 5(a). In that case, the appeal time will be computed from the date of the judgment that was the subject of the posttrial motion. Here, the estate's appeal is timely only if its rule–179(b) motion was timely because its notice of appeal was filed well over thirty days after the original judgment.

Under Iowa Rule of Civil Procedure 82(d), whenever court rules require a filing within a certain time, the time will be tolled "when service is made, provided the actual filing is done within a reasonable time thereafter." In this case, service was made on September 10 by mailing, Iowa R.Civ.P. 82(b), and the actual filing in the clerk's office was done the following day. Under rule 82(d), the rule–179(b) motion was timely and should not have been dismissed. Accordingly, we vacate the court of appeals decision, reverse the district court order, and remand to the district court for a ruling on the rule–179(b) motion. Jurisdiction is retained in this court for disposition of the appeal, on its merits, following the district court's ruling.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; REMANDED WITH INSTRUCTIONS.