**Mary HAYS, Plaintiff–Appellee,**

v.

**Carl HAYS, Defendant–Appellant.**

**No. 99–0083.**

Court of Appeals of Iowa.

April 12, 2000.

Carl Hays, Adel, pro se.

Ralph R. Brown and Douglas A. Flanders of McDonald, Brown & Fagen, Dallas Center, for appellee.

Considered by HUITINK, P.J., and STREIT and MILLER, JJ.

HUITINK, P.J.

Carl Hays appeals the district court decision denying his Iowa Rule of Civil Procedure 179(b) motion on an order finding him in contempt of a judicial decree. Carl claims the failure of the clerk of the district court to mail him a copy of the contempt order should extend the time for filing notice of appeal. We find Carl's appeal was untimely and dismiss the appeal.

Plaintiff Mary Hays and defendant Carl Hays are siblings. They own adjacent parcels of land in Dallas County. On January 27, 1992, the district court entered a decree granting Mary an easement over a portion of Carl's property and granting Carl an easement over a portion of Mary's property.

On July 3, 1997, Mary filed an application to have Carl found in contempt for violating the terms of the 1992 decree. Carl filed a counterclaim seeking to have Mary found in contempt and asking for damages. The district court entered an order on August 12, 1998, finding Carl was in contempt for interfering with Mary's use of her easement and for using more of Mary's property than permitted by his easement. The court found Mary was not in contempt.

In November 1998 Carl inquired with the clerk's office regarding the status of the case. A computer entry showed an order in the case had been filed on August 12, 1998, but the order was not in the district court file. Carl, who is pro se, claims he did not receive a copy of the order. The clerk's office obtained a copy of the order from Mary's attorney and on November 12, 1998, provided a copy to Carl.

On November 20, 1998, Carl filed a motion to enlarge or amend, pursuant to rule 179(b). In December 1998 the clerk's office found the contempt order, which had been placed in the wrong file. The order was file stamped August 12, 1998. A certificate of service shows the order was mailed to the attorneys of record. On December 30, 1998, the district court overruled Carl's posttrial motion. Carl appealed on January 26, 1999.

The supreme court has ordered the question of the timeliness of the appeal to be submitted with the appeal in this case. Under Iowa Rule of Appellate Procedure 5(a), appeals must be taken within thirty days from the entry of an order.[1] We have no jurisdiction to consider an appeal filed more than thirty days following a court's final judgment. *Robco Transp., Inc. v. Ritter*, 356 N.W.2d 497, 499 (Iowa 1984).

This rule holds true even where, through the negligence of the clerk, the parties are notified of the entry of an

---

1. An exception is found in Iowa Rule of Appellate Procedure 20(b), which permits the supreme court to extend the time for filing a notice of appeal if the court determines that failure to file a timely notice of appeal was due to the failure of the clerk of the trial court to notify the prospective appellant of the entry of the appealable final judgment. Any motion for such an extension of time must be filed within sixty days after the expiration of the time prescribed in rule 5(a). *Uchtorff v. Dahlin*, 363 N.W.2d 264, 267 (Iowa 1985). No motion for an extension of time under rule 20(b) was filed in the present case.

order beyond the time for appeal. *Hyde v. Anania*, 578 N.W.2d 647, 649 (Iowa 1998). A direct appeal, taken at the time notice of the order is received, but outside the thirty-day period, is doomed to failure by Iowa Rule of Civil Procedure 106(f).[2] *Uchtorff v. Dahlin*, 363 N.W.2d 264, 267 (Iowa 1985). Rule 106(f) provides the clerk must serve notice of the entry of an order by mail to each party, but:

> [l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the district court to relieve a party for failure to appeal within the time allowed.

Iowa R.Civ.P. 106(f).

■ A litigant may avoid the harsh consequences of rule 106(f) by filing a motion to vacate or modify under rules 252 and 253. *In re Estate of Young*, 273 N.W.2d 388, 391 (Iowa 1978). Rule 252(a) allows a court to correct, vacate or modify an order on the grounds of mistake, neglect or omission by the clerk. *Hyde*, 578 N.W.2d at 650.

■ Here, Carl did not file a motion to vacate or modify under rules 252 and 253, but instead filed a motion which specifically states it is brought pursuant to rule 179(b). We note that although Carl is proceeding pro se, we do not utilize a deferential standard when persons choose to represent themselves. *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa App.1995); *see also Polk County v. Davis*, 525 N.W.2d

434, 436 (Iowa App.1994) (court would not consider untimely motion for new trial made pursuant to rule 244, not rule 252(a), brought by pro se defendant who did not receive copy of trial court's order).

■■ Under rule 247, a motion pursuant to rule 179(b) must be brought within ten days after an order is filed. An untimely motion under rule 179(b) will not toll the running of the thirty-day period within which an appeal must be taken. *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 471 (Iowa 1978). Where, as here, the rule 179(b) motion is untimely, the appeal time is computed from the date of the judgment that was the subject of the posttrial motion. *See Estate of Morgan v. North Star Steel Co.*, 484 N.W.2d 199, 200 (Iowa 1992).

The appeal is this case was filed more than thirty days after the entry of the district court's order on August 12, 1998. We determine Carl's appeal was untimely. We do not have jurisdiction to consider untimely appeals. *Uchtorff*, 363 N.W.2d at 267. We dismiss the appeal.

**APPEAL DISMISSED.**

---

**2.** Prior to January 24, 1998, the provisions of Iowa Rule of Civil Procedure 106(f) were

found in rule 82(f).