# IN THE COURT OF APPEALS OF IOWA

No. 15-1273
Filed May 11, 2016

**JENSE ALLAN BERGANTZEL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Timothy O'Grady, Judge.

Jense Bergantzel appeals the dismissal of his second application for postconviction relief. **AFFIRMED.**

Susan R. Stockdale, Windsor Heights, for appellant.

Jense Bergantzel, appellant, pro se.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Jense Bergantzel appeals the dismissal of his second application for postconviction relief (PCR). He contends the PCR court erred in concluding his action was untimely. He also argues his sentence is illegal as being grossly disproportionate to his crime. We review the denial of a PCR application for the correction of errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

The State charged Bergantzel with thirty-one counts of second-degree sexual abuse, twenty-one counts of indecent exposure, and one count of lascivious acts with a child. After Bergantzel pled guilty to two counts of second-degree sexual abuse, the remaining charges were dismissed. The trial court sentenced Bergantzel to a term of not more than twenty-five years in prison on each conviction and ordered the sentences be served consecutively. This court affirmed Bergantzel's direct appeal of his sentences. *See State v. Bergantzel*, No. 07-0445, 2007 WL 4324010, at *1 (Iowa Ct. App. Dec. 12, 2007).

In 2009, Bergantzel timely filed a PCR application, alleging his trial counsel was ineffective in allowing him to plead guilty due to a lack of voluntariness and competency. In May 2012, following an evidentiary hearing, the PCR court entered an order dismissing Bergantzel's application. In addressing the merits of the application, the court concluded Bergantzel's guilty plea was knowingly, willingly, and intelligently entered. The court further concluded Bergantzel failed to establish his trial counsel was ineffective. Neither Bergantzel nor his counsel received a copy of that order within the thirty-day time period in which an appeal could be made. *See* Iowa R. App. P. 6.101(1)(b) ("A

notice of appeal must be filed within [thirty] days after the filing of the final order or judgment."). In December 2012, his PCR counsel filed a "motion to extend" in the district court, requesting an extension of time to appeal. In February 2013, after a hearing, the district court denied the motion.[1] *See* Iowa R. Civ. P. 1.442(6) ("Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the district court to relieve a party for failure to appeal within the time allowed."). Bergantzel then filed a notice of appeal from the dismissal of the PCR application. Because he failed to timely perfect an appeal, Bergantzel's appeal was dismissed by the supreme court in August 2013.

In December 2013, Bergantzel filed his second PCR application pro se. He alleged his sentence was illegal as being grossly disproportionate to his crime. His second PCR counsel amended the application to allege Bergantzel's first PCR counsel was ineffective in failing to file an Iowa Rule of Civil Procedure

---

[1] In dismissing the motion, the district court cited *Hays v. Hays*, 612 N.W.2d 817 (Iowa Ct. App. 2000), and Iowa Rule of Civil Procedure 1.442(6). In *Hays*, this court considered former Iowa Rule of Civil Procedure 106(f), now renumbered as 1.442(6), and held we had no jurisdiction to consider an appeal filed more than thirty days following a court's final judgment "even where, through the negligence of the clerk, the parties are notified of the entry of an order beyond the time for appeal." 612 N.W.2d at 818-19. However, we noted that "[a] litigant may avoid the harsh consequences of rule [1.442(6)] by filing a motion to vacate under rules [1.1012] and [1.1013]." *Id.* at 819. Such a petition "must be filed . . . within one year after the entry of the judgment or order involved." Iowa R. Civ. P. 1.1013(1). No such petition was filed by Bergantzel's PCR counsel.

As an aside, we observe Iowa Rule of Appellate Procedure 6.101(5) permits the supreme court to extend the time for filing a notice of appeal if the court determines that the failure was due to the clerk of the district court's failure to notify the prospective appellant of the entry of the appealable final judgment. Its value is somewhat limited, because a rule 6.101(5) motion must be filed with the clerk of the supreme court no later than sixty days after the expiration of the original appeal deadline. Since Bergantzel and his PCR counsel apparently did not become aware of the dismissal until more than sixty days after the appeal period expired, the rule was not available to provide Bergantzel relief.

1.1013(1) petition to vacate the dismissal of the first PCR action. In a July 2015 order dismissing Bergantzel's second PCR application, the PCR court concluded the application was untimely and that Bergantzel's sentence was not illegal. Bergantzel appeals.

Iowa Code section 822.3 (2013) requires all PCR applications "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Procedendo issued following Bergantzel's direct appeal in 2007. His second PCR application was filed in December 2013, more than three years past the limitation period set forth in section 822.3. The second PCR action was clearly untimely.

The legislature has provided an exception to the statutory limitation period for "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Bergantzel alleges his PCR counsel's ineffective assistance in failing to file a rule 1.1013(1) petition to vacate the dismissal of his first PCR application excepts him from the limitation period. As the PCR court correctly determined, ineffective assistance of counsel does not provide an exception to the limitation period set forth in section 822.3. *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994).

In this appeal, Bergantzel argues the PCR court erred in concluding ineffective assistance of PCR counsel can never provide an exception to the three-year limitation period set forth in section 822.3. He notes that a PCR applicant is statutorily entitled to representation of counsel, which necessarily implies counsel be effective. *See Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994). However, in addition to showing the alleged ground could not have been

raised earlier, an applicant seeking to raise a PCR claim under the exception to the limitation period "must also show a nexus between the asserted ground of fact and the challenged conviction." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). The question is whether the alleged ground of fact is "the type that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2." *Id.* at 521. Because the ground of fact alleged by Bergantzel—his first PCR counsel's failure to perfect an appeal in that action— cannot qualify as material evidence that Bergantzel's conviction is in violation of the federal or state constitutions, *see* Iowa Code § 822.2(1) (setting forth the grounds for which an applicant may assert PCR relief), no nexus exists between Bergantzel's claim and his conviction. Therefore, his claim is untimely. As our supreme court has stated: "If the legislature had intended that ineffective assistance of counsel serve as an exception to the statute of limitations, it would have said so." *Dible v. State*, 557 N.W.2d 881, 885 (Iowa 1996), *abrogated on other grounds by Harrington*, 659 N.W.2d at 521.

Although Bergantzel's PCR application was not timely filed, his pro se claim concerning the legality of his sentences may be raised at any time. *See State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). Bergantzel has not advanced any convincing argument to support his claim his sentences are grossly disproportionate to the crimes for which he was convicted. Accordingly, we affirm. *See State v. Oliver*, 812 N.W.2d 636, 650 (Iowa 2012) ("If the sentence does not create an inference of gross disproportionality, then 'no further analysis is necessary.'" (citation omitted)).

**AFFIRMED.**