# IN THE COURT OF APPEALS OF IOWA

No. 20-0724
Filed March 17, 2021

**JESSICA McHUGH,**
        Plaintiff-Appellant,

**vs.**

**ADAM B. SMITH, M.D., and TRI-STATE SPECIALISTS, LLP,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott,

Judge.


        A personal injury plaintiff appeals the dismissal of her medical malpractice

action.  **AFFIRMED.**


        William J. Hale and Joel M. Carney of Goosmann Law Firm, PLC, Omaha,

Nebraska, for appellant.

        John C. Gray and Joel D. Vos of Heidman Law Firm, P.L.L.C., Sioux City,

for appellees.


        Heard by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

This appeal examines a new requirement imposed by our legislature for plaintiffs pursuing medical malpractice actions. Iowa Code section 147.140 (2017) requires plaintiffs to provide a certificate of merit affidavit signed by an expert witness early in their personal injury actions if they need expert testimony to prove their case. Jessica McHugh appeals a district court order dismissing her negligence suit against Dr. Adam B. Smith and his employer, Tri-State Specialists, LLP,[1] for failing to clear that hurdle. She contends her initial disclosures and discovery responses substantially complied with the statute's requirements, so dismissal was improper. She also argues any lack of compliance should be excused because the requirement was new and the trial scheduling and discovery plan omitted the statutory deadline for submitting the expert's affidavit.[2]

Finding McHugh's actions did not substantially comply with the legislature's objectives in section 147.140, we affirm the district court.

## I. Facts and Prior Proceedings

In August 2017, Dr. Smith performed plastic surgeries on McHugh. She faced complications with her recovery. Two years later, she sued Dr. Smith. She alleged his negligence caused her injuries that needed corrective medical care.

---

[1] We will refer to the defendants collectively as Dr. Smith.

[2] True, the trial scheduling and discovery plan form did not list the deadline for serving the certificate of merit affidavit. *See* Iowa Ct. R. 23.5, Form 2. McHugh's counsel mentioned the form's omission in the district court but acknowledged "that's not a complete excuse." Counsel candidly admitted overlooking the section 147.140 deadlines and noted, "I think it would be quite useful if those were in there." But counsel did not ask the district court to rule on that issue. So we cannot consider that alternative claim on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Dr. Smith answered on September 25. And the parties filed a joint trial scheduling and discovery plan in early November. By mid-November, they had exchanged initial disclosures. McHugh disclosed five doctors (along with Dr. Smith), including Dr. Heather Karu, who were "likely to have discoverable information" relevant to her claim. On November 21, Dr. Smith sent interrogatories and discovery requests to McHugh. At McHugh's request, Dr. Smith agreed to extend the response deadline by one month. Then, in January 2018, after McHugh responded, Dr. Smith moved to dismiss. He cited McHugh's failure to file a certificate of merit affidavit as required by section 147.140. McHugh resisted the motion and provided Dr. Karu's affidavit on February 7.

At a hearing on the motion to dismiss, McHugh argued that she had substantially complied with the certificate-of-merit-affidavit requirement. The court disagreed and dismissed McHugh's action with prejudice, the remedy provided in section 147.140(6). McHugh appeals.

## II. Scope of Review

We review dismissals for correction of legal error. *Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020). We follow that same standard when considering questions of statutory interpretation. *Doe v. State*, 943 N.W.2d 608, 609 (Iowa 2020).

## III. Analysis

One month before McHugh's surgery, new legislation went into effect, requiring plaintiffs claiming negligence against health care providers to serve a certificate of merit affidavit signed by a qualified expert. *See* 2017 Iowa Acts ch. 107, § 4 (applying to causes of action accruing on or after July 1, 2017). In

deciding whether dismissal of McHugh's lawsuit was proper, our first stop is the legislative language. The opening paragraph describes the cases in which plaintiffs must provide a certificate, as well as the sixty-day deadline for compliance.

> In any action for personal injury or wrongful death against a health care provider based upon the alleged negligence in the practice of that profession or occupation or in patient care, which includes a cause of action for which expert testimony is necessary to establish a prima facie case, the plaintiff shall, prior to the commencement of discovery in the case and within sixty days of the defendant's answer, serve upon the defendant a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care. The expert witness must meet the qualifying standards of section 147.139.

Iowa Code § 147.140(1)(a).

The next paragraph specifies what the affidavit must include:

> A certificate of merit affidavit must be signed by the expert witness and certify the purpose for calling the expert witness by providing under the oath of the expert witness all of the following:
> (1) The expert witness's statement of familiarity with the applicable standard of care.
> (2) The expert witness's statement that the standard of care was breached by the health care provider named in the petition.

*Id.* § 147.140(1)(b).

From there, the legislation clarifies that the affidavit "does not preclude additional discovery and supplementation of the expert witness's opinions in accordance with the rules of civil procedure." *Id.* § 147.140(2). Nor does section 147.140 supplant the requirements of Iowa Code section 668.11. *Id.* § 147.140(3). The statute allows for extending the sixty-day deadline, but only by agreement of the parties "or the court for good cause shown and in response to a motion filed prior to the expiration of the time limits." *Id.* § 147.140(4). As an

example of "good cause," the statute offers "the inability to timely obtain the plaintiff's medical records from health care providers" when plaintiff has asked for the record before the petition. *Id.*

Finally, as the remedy for a plaintiff's failure to "substantially comply" with the certification-of-merit-affidavit requirement, upon a defendant's motion, the court must dismiss "with prejudice . . . each cause of action as to which expert witness testimony is necessary to establish a prima facie case." *Id.* § 147.140(6).

This case marks the first opportunity of our appellate courts to address the sweep of section 147.140. To glean insight into the new legislation, both parties suggest we look at the operation of Iowa Code section 668.11.[3] Section 668.11 requires parties in a professional-liability case, who intend to call an expert witness, to certify the expert's name and qualifications, as well as their purpose for calling the expert. *See* Iowa Code § 668.11(1).

Unlike the sixty-day deadline in the new legislation, the plaintiff has 180 days to comply with section 668.11(1)(a). Even under that longer timeline, our

---

[3] This section provides:

> 1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who intends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within the following time period:
> a. The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure.
> b. The defendant within ninety days of plaintiff's certification.
> 2. If a party fails to disclose an expert pursuant to subsection 1 or does not make the expert available for discovery, the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown.

Iowa Code § 668.11(1)–(2).

supreme court said section 668.11 was "designed to require a plaintiff to have his or her proof prepared at an early stage in the litigation" so that the defendant "does not have to spend time, effort and expense in defending a frivolous action." *Hantsbarger v. Coffin*, 501 N.W.2d 501, 504 (Iowa 1993). The remedy for the plaintiff's failure to comply was exclusion of the expert's testimony. *Id.* Thus, *Hantsbarger* decided that section 668.11 could be "properly classified as procedural or remedial rather than substantive" and should be "liberally interpreted to accomplish its purpose."[4] *Id.*

Although not specifically addressed by the statute, *Hantsbarger* held substantial compliance was sufficient under section 668.11. *Id.* Hewing to that same line, the legislature built substantial compliance into section 147.140. *See* Iowa Code § 147.140(6). Substantial compliance means "compliance in respect to essential matters necessary to assure the reasonable objectives of the statute."[5] *Hantsbarger*, 501 N.W.2d at 504 (quoting *Superior/Ideal, Inc. v. Bd. of Rev.*, 419 N.W.2d 405, 407 (Iowa 1988)).

Against that backdrop, we turn to McHugh's argument that she substantially complied with section 147.140(1). The district court summarized her position:

---

[4] Commentators express doubt whether that doctrine of liberal interpretation would cover the new legislation. "It is unlikely this analysis would apply to the certificate of merit affidavit requirement of expert witnesses in professional negligence cases against healthcare providers given the short deadline set forth in [Iowa Code section] 147.140(1)(a) . . . ." Tom Riley & Peter C. Riley, 8 Iowa Practice Series: Civil Litigation Handbook § 54:12 (Aug. 2020 update).

[5] In *Hantsbarger*, the court held that the plaintiff failed to substantially comply with section 668.11 by appending the title "Dr." to the names of the podiatrist, medical doctor, and economist listed in the discovery responses. 501 N.W.2d at 504. Without divulging the purpose of their testimonies, the plaintiff did not fulfill the objective of the statute—helping the defendants prepare for trial without added time and effort. *Id.*

[McHugh] contends that in light of the record as it currently exists in this case, i.e. the answers provided to [Smith's] discovery requests on January 20, 2020, and the Certificate of Merit Affidavit of Dr. Karu filed on February 7, 2020, that it is clear that [McHugh's] case is not frivolous. As a result [McHugh] asserts that she has substantially complied with the requirements of Section 147.140 and that the reasonable objectives of the statute have been satisfied. This, however, ignores the fact that the statutory deadline to comply was November 24, 2019, not January 20, 2020 or February 7, 2020.

The district court hypothesized that if McHugh had responded to Dr. Smith's discovery requests before the sixty-day deadline of November 24, "it could reasonably be argued that substantial compliance had occurred." But because McHugh did not provide discovery until 118 days after the answer and did not serve the certificate of merit affidavit for another eighteen days after that, she did not substantially comply with section 147.140(1).

Still, McHugh stresses that her certificate of merit affidavit, when finally filed, established that her claim was not frivolous. So, in her view, dismissal did not serve the statute's purpose to weed out frivolous suits. Essentially, no harm, no foul.

Indeed, the certificate showed that Dr. Karu, a plastic surgeon who performed revision surgeries on McHugh, was qualified and knowledgeable to testify on the applicable standard of care. Dr. Karu explained what procedures would be expected for the surgery Dr. Smith performed on McHugh. And Dr. Karu opined that Dr. Smith failed to conform to the standard of care for McHugh's surgery. We agree this information may have established that McHugh's claim was not frivolous had she timely submitted it.

But to gauge whether McHugh's actions constituted substantial compliance we must identify the legislature's purpose in enacting section 147.140. Given the

statute's similarity to section 668.11, why did the legislature add the seemingly duplicative requirement of a certificate of merit affidavit? The district court explained, "Section 147.140 is more narrowly tailored to simply require the certificate of one expert . . . to show that the plaintiff's claim at least has colorable merit." That explanation is a cogent rationale for the sixty-day deadline. And it is consistent with the provision allowing dismissal with prejudice, a remedy our courts have traditionally considered a "harsh" consequence for noncompliance. Iowa Code § 147.140(6); *see, e.g.*, *Rucker v. Taylor*, 828 N.W.2d 595, 604 (Iowa 2013); *Hays v. Hays*, 612 N.W.2d 817, 819 (Iowa Ct. App. 2000). Section 147.140 gives the defending health professional a chance to arrest a baseless action early in the process if a qualified expert does not certify that the defendant breached the standard of care. *See id.* § 147.140(1)(b)(1)–(2).

The district court determined that McHugh's belated filing of Dr. Karu's affidavit—even when considered together with McHugh's initial disclosures and discovery responses—did not meet the objectives of the new statute. What are those objectives? By enacting section 147.140, layered over the existing mandates of section 668.11, the legislature placed higher demands on medical malpractice plaintiffs. The new legislation imposes two extra burdens: (1) provide verified information about the medical malpractice allegations to the defendants *and* (2) do so earlier in the litigation. We must decide whether McHugh's filings satisfied the essence of those obligations.

Challenging the dismissal, McHugh argues that her initial disclosures on November 18 and her interrogatory responses on January 20 presented Dr. Smith enough information to know that her negligence claim was not frivolous. McHugh

named Dr. Karu in those initial disclosures, noting that she had "[i]nformation concerning results of surgery performed by Defendant Smith, and subsequent condition and recovery [and] [i]nformation concerning revision surgeries." And McHugh notes the interrogatory answers identified Dr. Karu as having performed the corrective surgery. According to McHugh, those answers also provided a factual basis for her negligence claim and alleged that Dr. Smith "did not meet the standard of care for this type of procedure." Dr. Karu later echoed those statements in the certificate of merit affidavit. McHugh maintains this information accomplished the "essential matters" that are the aim of section 147.140. In doing so, she argues we should "liberally construe" the new statute as the *Hantsbarger* court did for section 668.11. *See Hantsbarger*, 501 N.W.2d at 504.

Dr. Smith disputes McHugh's claim of substantial compliance. He asserts McHugh's initial disclosures "[a]t best, . . . disclosed the names of five treating physicians." He points out that McHugh did not identify Dr. Karu as the expert who would eventually sign a certificate of merit affidavit.[6] Nor did McHugh's interrogatory answers replace a signed affidavit from a qualified expert who found the defendant breached the applicable standard of care, according to Dr. Smith.

Dr. Smith has the more compelling argument. McHugh's initial disclosures did not sufficiently identify the expert witness who would certify that her claim had colorable merit. And the interrogatory responses, though alleging Dr. Smith

---

[6] McHugh refused to disclose her medical records to Dr. Smith without an order of protection. McHugh contends the failure to provide those records is irrelevant. But we mention it only to explain that Dr. Smith could not have gleaned from those records which physician might have been in the best position to provide the required information about his alleged breach of the standard of care.

breached the applicable standard of care, did not replicate the signed affidavit expected under section 147.140(1)(a). That provision requires plaintiffs to reveal the *expert witness's* familiarity of the applicable standard of care and the *expert witness's* statement that the defendant breached the applicable standard of care. *Id.* § 147.140(1)(b)(1)–(2). The new statute applied to McHugh's cause of action because expert testimony was "necessary to establish a prima facie case." *Id.* § 147.140(1)(a). And the expert who signed the certificate had to "meet the qualifying standards of section 147.139," including licensure, practice field, board certification in a specialty, and other criteria. *Id.* If allegations from a layperson could replace the medical expert's affidavit, the new requirements would hold no meaning.

To an even greater degree than section 668.11, section 147.140 seeks to relieve defendants of the burden to ferret out the details of plaintiffs' malpractice claims. Recall that in *Hantsbarger*, the plaintiff failed to substantially comply with section 668.11 by creating a situation that required the defendant to expend further time and effort to obtain sufficient information to understand the experts' qualifications and prepare for trial. *Hantsbarger*, 501 N.W.2d at 504. Similarly, McHugh's filings lacked the essential components prescribed by section 147.140 for Dr. Smith to determine whether she had a colorable claim.

Beyond the quality of information required under section 147.140, the new statute radically reframes the timing for revealing an expert opinion. Dr. Smith insists the tighter deadline is material and McHugh's filing of Dr. Karu's affidavit 136 days (rather than sixty days) after his answer means she did not substantially comply with the statutory timeline.

By contrast, McHugh contends the sequence of the litigation excuses her lack of strict compliance with the deadline. Under the new statute, plaintiffs must serve the certificate of merit affidavit "prior to the commencement of discovery in the case and within sixty days of the defendant's answer." Iowa Code § 147.140(1)(a). Dr. Smith sent McHugh discovery requests on November 19, less than sixty days after his answer. By rule, McHugh then had thirty days to respond. Iowa R. Civ. P. 1.509(1)(d). On December 17, McHugh asked for and Dr. Smith agreed to a one-month extension. From that procedural history, McHugh asserts Dr. Smith "implicitly agreed" he did not need the information to be relayed in the certificate of merit affidavit and was not prejudiced by any delay.

Nothing in the statutory language supports McHugh's proposition that Dr. Smith constructively waived the requirement that she timely file the certificate of merit affidavit. True, the statute allows the parties to agree to an extension of the sixty-day time limit. Iowa Code § 147.140(4). But that time limit expired on November 24; Dr. Smith's agreement to extend the discovery deadlines did not occur until December 17. We cannot read a grace period into the new statute that the legislature did not communicate through its drafting. *See Homan v. Branstad*, 887 N.W.2d 153, 170 (Iowa 2016) ("What the general assembly actually said guides our interpretation.").

Nor can we read in a requirement for defendants to show they were prejudiced by the delay. The statute permits dismissal upon defendant's motion alleging plaintiff's inaction. Iowa Code § 147.140(6). We ask only whether McHugh's conduct frustrated "the reasonable objectives of the statute." *See Superior/Ideal, Inc.*, 419 N.W.2d at 407.

We agree with Dr. Smith that the timing of the certificate of merit affidavit is material. Going back to section 668.11, courts have found a failure of substantial compliance when plaintiffs missed the filing deadline by a year or more. *See Cox v. Jones*, 470 N.W.2d 23, 24 (Iowa 1991); *Morales v. Miller*, No. 09-1717, 2011 WL 222527, at *6 (Iowa Ct. App. Jan. 20, 2011). Section 668.11 gives plaintiffs six months to designate an expert; but section 147.140 allows only two months to serve an expert's affidavit. Even if the interrogatory answers were equivalent to the certification of merit affidavit, McHugh did not respond until 118 days after Dr. Smith's answer (nearly twice as long as section 147.140 prescribes for serving the affidavit). She did not submit the actual affidavit until 136 days after the answer. And although statute allows an extension request within sixty days of the defendant's answer, McHugh did not request one. *See* Iowa Code § 147.140(4). The timing of McHugh's filings did not substantially comply with the legislation's demanding deadline.

Switching gears, McHugh argues because the statute took effect in 2017, she should be excused from its harsh consequences based on "simple and excusable oversight" of the new requirements. We disagree. The legislature provided that section 147.140 applied to all causes of action accrued after July 1, 2017. McHugh's surgery came one month later. Thus, she was subject to the new requirements after suing in 2019. *See generally Millwright v. Romer*, 322 N.W.2d 30, 33 (Iowa 1982) ("Every citizen is assumed to know the law and is charged with knowledge of the provisions of statutes.").

Because McHugh did not substantially comply with the requirements of section 147.140, the district court properly granted Dr. Smith's motion to dismiss.

**AFFIRMED.**