# IN THE SUPREME COURT OF IOWA

No. 99 / 05–1833

Filed May 30, 2008


**JOHN BAKER,**

Appellant,

vs.

**CITY OF IOWA CITY, IOWA,** and
**IOWA CITY HUMAN RIGHTS COMMISSION,**

Appellees.

On review from the Iowa Court of Appeals.


Appeal from the Iowa District Court for Johnson County, L. Vern Robinson (subpoena) and William L. Thomas (summary judgment), Judges.


Plaintiff appeals district court's summary judgment for city and its civil rights commission and court's quashing of plaintiff's subpoena seeking records of assistant city attorney. **DECISION OF COURT OF APPEALS VACATED. JUDGMENT OF DISTRICT COURT REVERSED IN PART AND AFFIRMED IN PART; CASE REMANDED.**


Michael J. Pitton of Martinek & Pitton, Iowa City, for appellant.


Susan M. Dulek, Assistant City Attorney, Iowa City, for appellees.

**TERNUS, Chief Justice.**

The plaintiff, John Baker, appeals the district court's entry of summary judgment for the appellees, City of Iowa City, Iowa, and Iowa City Human Rights Commission, based on the court's conclusion the plaintiff's claims were moot. In addition, Baker contends the court erred in failing to rule as a matter of law that the City's ordinances exceed its home rule powers in two particulars: (1) the prohibition of discrimination by small employers; and (2) the prohibition of discrimination on the basis of marital status. Baker also challenges the district court's quashing of his subpoena seeking production of the assistant city attorney's records.

On appeal, the Iowa Court of Appeals affirmed the rulings of the district court. Upon our further review, we conclude two of the plaintiff's claims are not moot, that the district court should have entered summary judgment for the plaintiff on his constitutional challenge to the Iowa City ordinance prohibiting employment discrimination by small employers, and that the plaintiff has waived his challenge to the district court's ruling on the defendants' motion to quash. Accordingly, we vacate the court of appeals' decision, reverse in part and affirm in part the district court's judgment, and remand the case for further proceedings.

## I. Background Facts and Proceedings.

The plaintiff owns a home located in Iowa City. Because he lives out of state, he employs a resident manager for the property. In 2003 Baker advertised for a new manager and later rejected a female applicant because she failed to provide the requested references and because she indicated she intended to have her eleven-year-old son perform outside property maintenance, which Baker believed was unsafe and might also violate child labor laws. The applicant later filed a complaint with the Iowa City Human

Rights Commission, claiming discrimination in employment and housing on the basis of marital status, race, and sex.

The Commission is a municipal civil rights commission, established by ordinance of the City of Iowa City, in part, to protect persons aggrieved by discrimination within the corporate limits of Iowa City. After investigating the woman's complaint, the Commission's staff found probable cause existed that discrimination had occurred based upon race and marital status, both in the area of employment and housing. This finding of probable cause was based on an alleged violation of city ordinances, not state law. *See* Iowa City City Code §§ 2–3–1, 2–5–1. Efforts at conciliation were unsuccessful, so the matter was set for hearing.

Prior to the hearing scheduled on the discrimination complaint, Baker filed this action against the City and the Commission. Baker's petition consisted of four counts: (1) count I requested a declaratory judgment that the city ordinances were inconsistent with and in conflict with state law and therefore unconstitutional; (2) count II sought damages under 42 U.S.C. § 1983 based on the City's enforcement of the ordinances, the investigation undertaken, and the commencement of the administrative proceedings; (3) count III sought a writ of certiorari on the ground the defendants exceeded their proper authority and acted illegally in conducting the investigation and commencing the administrative proceeding; and (4) count IV requested a stay of the administrative proceeding until a determination of the validity of the ordinances was made.

Baker's constitutional claim focused on two aspects of the city ordinances: (1) the City's employment discrimination ordinance includes all employers within its prohibitions, whereas state law exempts employers having fewer than four employees from its prohibition of unfair employment practices; and (2) the City's ordinance prohibits discrimination on the basis

of marital status, a prohibition not found in state law. *Compare* Iowa City City Code § 2–1–1 (defining "employer" in part as "all entities, wherever situated, who employ one or more employees within the City"), *with* Iowa Code § 216.6(6)(*a*) (2003) (excluding from employment discrimination prohibition "[a]ny employer who regularly employs less than four individuals"); *compare* Iowa City City Code § 2–3–1 (prohibiting employment discrimination on the basis of marital status), *with* Iowa Code § 216.6(1)(*a*) (prohibiting employment discrimination on several bases, but not mentioning marital status); *compare* Iowa City City Code § 2–5–1 (prohibiting discrimination in housing on the basis of marital status), *with* Iowa Code § 216.8 (prohibiting discriminatory housing practices on several bases, but not including marital status). Based on these differences, Baker claimed the City's ordinances are beyond the City's constitutional home rule authority because they conflict with state law.

After bringing this action, Baker served *subpoenas duces tecum* on several city employees, including the assistant city attorney Susan Dulek. The defendants filed a motion to quash, which the district court sustained as to Dulek based on the attorney-client privilege.

Before the administrative hearing on the civil rights complaint was held, Baker settled with the complainant. As a result, the discrimination complaint was dismissed with prejudice.

Subsequently, Baker filed a motion for partial summary judgment on count I in the present case, claiming the city ordinances were facially unconstitutional because they conflicted with state law. The defendants resisted Baker's motion for partial summary judgment and filed a cross-motion for summary judgment as to counts I and II. In his resistance, Baker agreed count I should be determined as a matter of law, but contended count II—his § 1983 claim—rested on issues of disputed fact and was not

suitable for summary resolution. The defendants then filed a second motion for summary judgment, asserting that, because the discrimination complaint had been dismissed, with the exception of an "as-applied" procedural due process claim asserted in count II, all of the plaintiff's claims were moot.

After hearing, the district court ruled all the issues raised by the plaintiff were rendered moot by settlement of the underlying discrimination claim. The court granted the defendants' motions for summary judgment and dismissed the plaintiff's action in its entirety.

The plaintiff appealed the district court's dismissal of counts I, II, and III, as well as the district court's quashing of the subpoena seeking records from assistant city attorney Dulek. The appeal was transferred to the court of appeals. That court held that, "[w]ith the dismissal of the discrimination complaint, the controversy that precipitated the [plaintiff's] lawsuit was eliminated." For this reason, the court of appeals concluded the district court was correct in dismissing this case as moot; it did not reach the propriety of the district court's ruling with respect to the subpoena. We granted the plaintiff's application for further review.

## II. Scope of Review.

Summary judgment rulings are reviewed for correction of errors of law. *Hallett Constr. Co. v. Meister*, 713 N.W.2d 225, 229 (Iowa 2006). "To obtain a grant of summary judgment on some issue in an action, the moving party must affirmatively establish the existence of undisputed facts entitling that party to a particular result under controlling law." *Interstate Power Co. v. Ins. Co. of N. Am.*, 603 N.W.2d 751, 756 (Iowa 1999).

District court rulings regarding the discovery process are reviewed for an abuse of discretion. *Exotica Botanicals, Inc. v. Terra Int'l Inc.*, 612 N.W.2d 801, 804 (Iowa 2000); *State ex rel. Miller v. Nat'l Dietary Research, Inc.*, 454 N.W.2d 820, 822 (Iowa 1990). An abuse of discretion will be found when the

district court exercises its discretion on grounds or for reasons that are clearly untenable or to an extent that is clearly unreasonable. *Nat'l Dietary Research*, 454 N.W.2d at 822.

### III. Mootness.

On occasion a claim will become moot when facts or governing laws change after an action is commenced. "A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent." *Perkins v. Bd. of Supervisors*, 636 N.W.2d 58, 64 (Iowa 2001). Issues are academic when an opinion would be of no force or effect in the underlying dispute. *Id.* A second aspect of the mootness doctrine is known as the "personal stake requirement." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 1208, 63 L. Ed. 2d 479, 490 (1980).

> The "personal stake" aspect of mootness doctrine also serves primarily the purpose of assuring that . . . courts are presented with disputes they are capable of resolving. One commentator has defined mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."

*Id.* at 397, 100 S. Ct. at 1209, 63 L. Ed. 2d at 491 (quoting Henry P. Monaghan, *Constitutional Adjudication: The Who and When,* 82 Yale L.J. 1363, 1384 (1973)); *accord Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 567–68 (Iowa 1976) ("Standing may, of course, be lost if the claim on which it is based becomes moot.").

The district court believed Baker's settlement with the complainant rendered the issues in this case academic. Baker does not disagree with this assessment as to count IV in which he sought to stay the administrative proceeding. Given the dismissal of the administrative proceeding, any dispute with respect to whether that proceeding should be stayed is nonexistent.

We think the same is true with respect to count III, in which Baker sought a writ of certiorari pursuant to Iowa Rule of Civil Procedure 1.1404. In that count he claimed the defendants exceeded their proper authority and acted illegally by investigating and pursuing the complaint under the challenged city ordinances. If the plaintiff were ultimately successful in establishing the defendants acted illegally, the scope of any relief would be circumscribed by Iowa Rule of Civil Procedure 1.1411, which provides:

> Unless otherwise specially provided by statute, the judgment on certiorari shall be limited to sustaining the proceedings below, or annulling the same wholly or in part, to the extent that they were illegal or in excess of jurisdiction, and prescribing the manner in which either party may proceed further, nor shall such judgment substitute a different or amended decree or order for that being reviewed.

Iowa R. Civ. P. 1.1411. The potential relief—annulling the proceedings below and prescribing the manner in which to proceed further—could have no practical effect because the proceeding that would be impacted by any such relief is no longer pending. Therefore, we agree with the district court that Baker's settlement of the underlying discrimination claim has rendered his request for a judgment on certiorari moot.

We do not, however, concur that Baker's claim under count II of his petition is moot. In count II, Baker alleges a § 1983 claim for damages based on the defendants' enforcement of the city ordinances, their investigation of the complaint, and the commencement of administrative proceedings. He claims their actions violated his due process rights and the equal protection guarantee of the United States Constitution. In response, the defendants make the conclusory argument that, because there is no discrimination complaint pending against Baker, these issues are moot. While Baker's voluntary settlement of the discrimination complaint may have eliminated the controversy that precipitated this lawsuit, that settlement clearly did not

encompass Baker's claim that *his* civil rights had been violated by the City. Count II is not moot, and the district court erred in dismissing count II on this basis.

We also conclude count I remained viable after dismissal of the administrative proceeding. In count I, Baker seeks a declaratory judgment that the city ordinances are unconstitutional to the extent the City attempts to prohibit employment discrimination by employers having fewer than four employees and to prohibit employment and housing discrimination on the basis of marital status. The defendants claim, in essence, that Baker has lost his standing to challenge the ordinances because he is no longer being sued under these laws.

> Standing has been defined to mean that a party must have " 'sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of the controversy.' " We have held that in order to have standing a party must (1) have a specific personal or legal interest in the litigation and (2) be injuriously affected.

*Berent v. City of Iowa City*, 738 N.W.2d 193, 202 (Iowa 2007) (quoting *Birkhofer ex rel. Johannsen v. Brammeier*, 610 N.W.2d 844, 847 (Iowa 2000)).

Under circumstances analogous to those present here, the Massachusetts Supreme Judicial Court has held that a plaintiff continued to have standing to challenge the validity of a municipal ordinance prohibiting public begging even though his prosecution under the ordinance was no longer pending. *Benefit v. City of Cambridge*, 679 N.E.2d 184, 187 (Mass. 1997). Relying in part on the existence of a continuing threat of prosecution under the ordinance, the court concluded "the plaintiff [had] a sufficient personal interest in the rights and relief at stake to meet standing requirements." *Id.* Similarly, in *Ramos v. Town of Vernon*, 761 A.2d 705 (Conn. 2000), the Connecticut Supreme Court held a minor subject to a juvenile curfew ordinance did not have to risk the consequences of violating

the ordinance in order to have standing to test the constitutionality of the law. 761 A.2d at 714.

We reach the same conclusion here. Notwithstanding the dismissal of the underlying discrimination complaint, as an Iowa City housing owner and employer, Baker remains constrained by restrictions imposed by the city ordinances. Therefore, he continues to have a specific personal interest in whether the city ordinances are valid and to be injuriously affected by these ordinances. Thus, Baker has a sufficient stake in the resolution of the controversy to satisfy our standing requirements. *Cf. Ames Rental Prop. Ass'n v. City of Ames*, 736 N.W.2d 255, 259 n.3 (Iowa 2007) (holding association of landlords had standing to challenge city zoning ordinance, noting association's members "have a legitimate interest in Ames's ordinance because they are being fined for violating the ordinance and presumably the ordinance makes the homes more difficult to rent"). We conclude the district court erred in dismissing count I on the ground of mootness.

**IV. Constitutionality of Ordinances.**

In addition to seeking a reversal of the district court's summary judgment for the defendants, the plaintiff also raises on appeal the district court's failure to grant his motion for summary judgment on count I of the petition, in which he claims the Iowa City ordinances are unconstitutional. As noted earlier, Baker's challenge to the ordinances is twofold: he contends the inclusion of small employers, as well as the prohibition of discrimination based on marital status, are inconsistent with chapter 216. Therefore, he argues, the ordinances exceed the City's home rule power.

**A. Governing Legal Principles.** The Iowa Constitution gives municipalities authority to regulate matters of local concern, subject to the superior power of the legislature: "Municipal corporations are granted home rule power and authority, not inconsistent with the laws of the general

assembly, to determine their local affairs . . . ." Iowa Const. art. III, § 38A; *see also* Iowa Code § 364.1 (allowing cities to exercise powers and perform functions "if not inconsistent with the laws of the general assembly"). This type of home rule is "sometimes referred to as legislative home rule" because the legislature retains the power "to trump or preempt local law." *Berent,* 738 N.W.2d at 196.

"An exercise of a city power is not inconsistent with a state law unless it is irreconcilable with the state law." Iowa Code § 364.2(3). A municipal ordinance is irreconcilable with a law of the General Assembly and, therefore, preempted by it, when the ordinance " 'prohibits an act permitted by statute, or permits an act prohibited by a statute.' " *City of Des Moines v. Gruen,* 457 N.W.2d 340, 342 (Iowa 1990) (quoting *City of Council Bluffs v. Cain,* 342 N.W.2d 810, 812 (Iowa 1983)); *accord Goodenow v. City Council of Maquoketa,* 574 N.W.2d 18, 26 (Iowa 1998); *cf. Goodell v. Humboldt County,* 575 N.W.2d 486, 500 (Iowa 1998) (applying same analysis to identical provisions governing county home rule authority).

> In determining what the legislature has permitted and prohibited, we look to the legislative intent in enacting the state statutes and we require that any local ordinance remain faithful to this legislative intent, as well as to the legislative scheme established in the relevant state statutes.

*Goodell,* 575 N.W.2d at 500.

**B. Constitutionality of Ordinance Applying Prohibition of Unfair Employment Practices to Small Employers.** With regard to unfair employment practices, the Iowa City City Code makes it unlawful for

> *any employer* to refuse to hire, accept, register, classify, upgrade or refer for employment, or to otherwise discriminate in employment against any other person or to discharge any employee because of age, color, creed, disability, gender identity, marital status, national origin, race, religion, sex or sexual orientation.

Iowa City City Code § 2–3–1 (emphasis added). As noted earlier, section 2–1–1 of the city code defines "employer" in relevant part as "all entities, wherever situated, who employ *one or more* employees within the City." (Emphasis added.) In contrast, Iowa Code section 216.6 states in pertinent part:

> 1. It shall be an unfair or discriminatory practice for any:
>
> *a.* Person to refuse to hire, accept, register, classify, or refer for employment, to discharge any employee, or to otherwise discriminate in employment against any applicant for employment or any employee because of the age, race, creed, color, sex, national origin, religion, or disability of such applicant or employee, unless based upon the nature of the occupation. . . .
>
> . . . .
>
> 6. This section shall not apply to:
>
> *a.* Any employer who regularly employs *less than four individuals.* For purposes of this subsection, individuals who are members of the employer's family shall not be counted as employees.

Iowa Code § 216.6(1)(*a*), (6)(*a*) (emphasis added). The issue before us for decision is whether the City's application of its prohibition against unfair employment practices to employers who would be excluded under state law prohibiting unfair and discriminatory employment practices creates an irreconcilable conflict between the ordinance and the state statute.

We first address the City's assertion that chapter 216 expressly permits variations between local and state discrimination laws such as the difference at issue here. Iowa Code section 216.19 provides that "[n]othing in this chapter shall be construed as limiting a city or local government from enacting any ordinance or other law which prohibits broader or different categories of unfair and discriminatory practices." *Id.* § 216.19 para. 2. The defendants contend their prohibition of discrimination by employers with less than four employees is the prohibition of discrimination by a "broader or different category." This argument ignores the statutory language qualifying

the noun "categories": "of unfair and discriminatory practices." When read in its entirety, section 216.19 expressly allows cities latitude only with respect to discriminatory *practices*. *See Webster's Third New International Dictionary* 1780 (unabr. ed. 2002) (defining a "practice" as "a mode of acting or proceeding"). The class of small employers added to the City's ordinance is not a different category of "practices." We conclude, therefore, that section 216.19 does not authorize the defendants to apply the city's prohibition of discriminatory employment practices to a broader category of employers.

Having concluded the legislature did not expressly authorize the difference under consideration, we return to an evaluation of whether the city ordinance is otherwise inconsistent with section 216.6. We think the answer to this question lies in the legislative intent underlying the exemption of small employers from the state employment discrimination statute. The exclusion of small employers from employment discrimination prohibitions was enacted as part of revisions made to Iowa's civil rights statute in 1965. *See* 1965 Iowa Acts ch. 121, § 7. Those revisions, including the small-employer exemption, were substantially based on changes advocated in a 1964 law review article. *See U.S. Jaycees v. Iowa Civil Rights Comm'n*, 427 N.W.2d 450, 454 (Iowa 1988) (citing Arthur Bonfield, *State Civil Rights Statutes: Some Proposals*, 49 Iowa L. Rev. 1067 (1964) [hereinafter "Bonfield Article"]). In *United States Jaycees*, this court relied on statements in this law review article as an expression of the rationale underlying the legislature's adoption of the suggested revisions, *id.*, and we do so again here.

In the article, the author urged enactment of an employment discrimination statute that included a small-employer exemption. Bonfield Article, 49 Iowa L. Rev. at 1108. In advocating for the adoption of this exemption, the author explained:

> Almost all fair employment practices acts exempt small employers, which are defined as employers with less than a specified number of employees. The general consensus seems to be that notions of freedom of association should preponderate over concepts of equal opportunity in these situations because the smallness of the employer's staff is usually likely to mean for him a rather close, intimate, personal, and constant association with his employees.

*Id.* at 1109 (footnotes omitted); *see also Thibodeau v. Design Group One Architects, LLC*, 802 A.2d 731, 741 (Conn. 2002) (stating one reason for small-employer exemption was legislature's desire to protect the " 'intimate and personal relations existing in small businesses' " (quoting *Tomka v. Seiler Corp*, 66 F.3d 1295, 1314 (2d Cir. 1995))). The exemption suggested in this article was subsequently adopted nearly verbatim by the Iowa legislature. We think, therefore, that the legislature made the policy decision that "freedom of association should preponderate over concepts of equal opportunity" in situations involving small employers.

As noted above, "[i]n determining what the legislature has permitted and prohibited, we look to the legislative intent in enacting the state statutes and we require that any local ordinance remain faithful to this legislative intent . . . ." *Goodell*, 575 N.W.2d at 500. Iowa Code section 216.6(6)(*a*) reflects the legislature's intent to recognize and protect small employers' associational interests. To allow local communities to bar employment discrimination by these same small employers would thwart this legislative intent. Therefore, we conclude the Iowa City ordinance subjecting small employers to its prohibition of unfair employment practices conflicts with state law and exceeds the City's home rule authority. The district court erred in failing to rule the ordinance was unconstitutional in this respect.

**C. Constitutionality of Ordinances Prohibiting Discrimination on the Basis of Marital Status.** As previously discussed, the Iowa City City Code prohibits discrimination in employment and housing on the basis of

marital status, a class not mentioned in the state civil rights statute. *Compare* Iowa City City Code § 2–3–1 (prohibiting employment discrimination on the basis of marital status), *and id.* § 2–5–1 (prohibiting discrimination in housing on the basis of marital status), *with* Iowa Code § 216.6(1)(*a*) (prohibiting employment discrimination on several bases, but not mentioning marital status), *and id.* § 216.8 (prohibiting discriminatory housing practices on several bases, but not including marital status). Unlike the small-employer exemption, there is no express indication in chapter 216 that the legislature made a policy decision to allow employment and housing decisions to turn on a person's marital status. To the contrary, this variation between local law and state statute falls within the regulatory latitude the legislature bestowed on cities in section 216.19 to enact ordinances that prohibit "broader or different categories of unfair or discriminatory practices." Discrimination on the basis of marital status is a class of discriminatory practices. Therefore, the City has authority under section 216.19 to prohibit such conduct. Because the City's enactment of ordinances prohibiting discrimination in employment and housing on the basis of marital status is not inconsistent with state law, such ordinances are within the City's home rule authority. The district court did not err in failing to rule the City's ordinances were unconstitutional in this respect.

### V. Ruling on Defendants' Motion to Quash Subpoena.

Because this matter must be remanded for trial on Baker's § 1983 claim, we will address his challenge to the district court's quashing of the subpoena seeking the records of assistant city attorney Dulek. The district court ruled "the information sought from Ms. Dulek is protected by the attorney/client privilege." Baker contends the attorney-client privilege should not shield the assistant city attorney's file from discovery because

"the city attorney's office participates administratively in a human rights contested case."

Pursuant to Iowa City City Code section 2–4–2, the city attorney receives an investigative summary and recommendation from the commission investigator and must then issue a written opinion to the Commission on "whether probable cause exists to believe a discriminatory practice occurred as alleged by the complainant." Iowa City City Code § 2–4–2(F), (G). Other than a conclusory statement that such "opinions and information by the city attorney's office should not be deemed privileged," Baker advances no argument in his brief and cites no authority to support a conclusion that the city attorney's opinion is not attorney work product or that these communications are not protected by the attorney-client privilege as found by the district court. In order to address this issue under these circumstances, we would be obliged "to assume a partisan role and undertake the appellant's research and advocacy." *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) (dismissing an appeal based on appellant's failure to cite any authority); *accord Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) (stating "we will not speculate on the arguments [the defendant] might have made and then search for legal authority and comb the record for facts to support such arguments"); *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 184 (Iowa 1980) (noting party failed to give supportive authority for general allegations of error and concluding party's "argument is so indefinite as to preclude our consideration"). We decline to do so. Consequently, we deem the plaintiff's challenge to the district court's ruling waived. *See City of Marquette v. Gaede*, 672 N.W.2d 829, 835 (Iowa 2003) (holding party's failure to cite any authority resulted in waiver of issue); Iowa R. App. P. 6.14(1)(*c*) (stating

"[f]ailure in the brief to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue").

### VI. Summary and Disposition.

We hold the plaintiff's settlement of the underlying discrimination complaint did not render moot his request for declaratory relief made in count I or his claim for damages under 42 U.S.C. § 1983 made in count II. On the other hand, that settlement did make moot the plaintiff's claims for certiorari relief and for injunctive relief as sought in counts III and IV, respectively. Based on these conclusions, we reverse the grant of summary judgment to the defendants on counts I and II, and affirm the grant of summary judgment to the defendants on counts III and IV.

The City's inclusion of small employers in its prohibition of unfair employment practices conflicts with state law exempting small employers from such constraints under state law. Because the city ordinance exceeds the City's home rule authority in this regard, the district court erred in failing to issue a declaratory judgment to the plaintiff declaring the employment discrimination ordinance unconstitutional insofar as it is applied to employers exempted under the state civil rights statute. The City's prohibition of discriminatory employment and housing practices based on marital status is not inconsistent with state law. Rather, such an expansion of state prohibitions is expressly authorized by section 216.19. Accordingly, the district court did not err in failing to issue a declaratory judgment that the ordinances were unconstitutional in this respect.

The plaintiff has failed to support with legal authorities and argument his conclusory contention that the assistant city attorney's file does not constitute attorney work product and is not protected by the attorney-client privilege. Therefore, we deem this issue waived.

We remand this case to the district court for entry of a judgment on count I declaring the employment discrimination ordinance unconstitutional in its application to employers having fewer than four employees and for further proceedings on the plaintiff's § 1983 claim as alleged in count II.

**DECISION OF COURT OF APPEALS VACATED. JUDGMENT OF DISTRICT COURT REVERSED IN PART AND AFFIRMED IN PART; CASE REMANDED.**

All justices concur except Baker, J., who takes no part.