**IN THE COURT OF APPEALS OF IOWA**

No. 19-2037
Filed February 17, 2021

**MARTIN SHANE MOON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Clarke County, Patrick W.

Greenwood, Judge.

        Martin Moon appeals the denial of his third application for postconviction

relief. **AFFIRMED.**

        Richard Hollis, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee State.

        Considered by Doyle, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

In another effort to void a 2000 first-degree murder conviction, Martin Moon applied for postconviction relief (PCR)—his third[1]—alleging ineffective assistance of his previous PCR counsel. The district court summarily dismissed the PCR filing, finding it was time-barred by the statute of limitations established in Iowa Code section 822.3 (2018).

Moon argues a fact dispute over the date procedendo from his original appeal occurred prohibits summary dismissal of his application. He narrows his appeal to a theory the district court erred in considering the procedendo date in the motion for summary dismissal.[2] Put more simply, Moon contends he should be allowed an opportunity to develop his PCR theories and the district court's summary dismissal was in error. The State argues Moon's third PCR filing is time-barred. We agree and affirm the dismissal.

**Facts and Procedural History.**

The facts involving Moon's conviction for murder are

> In August 1990, Kevin Dickson was shot and killed. Nine years later, the State charged Martin Moon and Casey Brodsack with

---

[1] Moon believes this is his fourth PCR application but neglects to identify a fourth filing in his brief. Under this record we consider the three PCR applications identified that address his murder conviction.

[2] Moon's focus in his brief on appeal addressed the material fact question related to the summary dismissal. He vaguely refers to other once-advocated issues, but those were not developed here. Issues not briefed are considered waived. *Baker v. City of Iowa City*, 750 N.W.2d 93, 102–03 (Iowa 2008); *see also* Iowa R. App. P. 6.903(2)(g)(3) ("Each division shall include . . . [a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record . . . . Failure to cite authority in support of an issue may be deemed waiver of that issue."). Likewise, Moon's general references to issues decided in *Moon v. State*, 911 N.W.2d 137, 140 (Iowa 2018), are not considered in this appeal.

first-degree murder. Brodsack pled guilty to second-degree murder in exchange for testifying truthfully at Moon's trial.

Brodsack testified he, Moon, and Dickson roomed together on the second floor of a house in Winterset while their neighbor, Scott Aukes, lived with his roommate on the first floor. Brodsack testified he, Moon, Dickson, and Aukes went to an abandoned farmhouse to look for marijuana left by Moon's drug dealer. While Brodsack was checking for drugs behind the water heater in the basement, he heard six or seven gunshots. Brodsack went around and saw Dickson lying on the ground, with Moon holding a gun in his hand. Aukes was not present in the basement during this episode. Moon handed Brodsack the gun. With another gun, Moon forced Brodsack at gunpoint to shoot Dickson because Moon allegedly did not want to be the only one involved. Brodsack shot Dickson three times.

Brodsack further testified he, Moon, and Aukes went back to Winterset to retrieve a sledgehammer. They then returned to the farmhouse and tried to knock in one of the basement walls to cover up Dickson's body. When that plan failed, they dragged Dickson's body outside and discarded it into a cistern. . . .

According to Brodsack, sometime in 1996, he and his coworker Brett Lovely were painting fire hydrants near the farmhouse. Brodsack apparently told Lovely about the murder and showed him what was left of Dickson—just bones—in the cistern. Lovely kept the secret for a few years but eventually told law enforcement about it in 1999.

*Moon*, 911 N.W.2d at 140. Moon appealed the jury verdict and, in an en banc decision, our court affirmed Moon's conviction. *State v. Moon*, No. 00-1128, 2002 WL 663486, at *7 (Iowa Ct. App. Apr. 24, 2002).

Following his appeal, the clerk issued procedendo on July 3, 2002. That October, Moon applied for his first PCR. The district court denied the first application, and our court affirmed that decision.[3] *Moon*, 2007 WL 1345732, at *1.

---

[3] In the first PCR proceeding Moon argued his trial counsel failed to: (1) attempt to impeach Duane McPhillips and shift the blame for the murder to him; (2) object to certain testimony of Madelyn Kerns on confrontation clause, hearsay grounds, or both; (3) obtain an independent ballistics expert; (4) request a jury instruction that a certain witness was an accomplice; (5) object to several portions of the prosecutors' closing arguments; (6) object to three jury instructions; and (7) file a motion for new trial. *Moon v. State*, No. 05-0816, 2007 WL 1345732, at *1–9 (Iowa

Undeterred, Moon filed a second PCR application in January 2012. The district court granted summary judgment and dismissed the application on October 16, 2015. After this court affirmed the district court, the Iowa Supreme Court affirmed the district court's grant of summary judgment but under a different analysis. *See Moon,* 911 N.W.2d at 153, *vacating Moon v. State*, No. 15-1815, 2017 WL 4049826 (Iowa Ct. App. Sept. 13, 2017).

In May 2018, Moon once again applied for PCR and he supplemented the filing. Moon raised deficiencies with both trial counsel's and PCR counsel's representation. Moon's application addressed four grounds:

> (1) The conviction or sentence was in violation of the Constitution of the United States or the Constitution or laws of this state; (2) [t]here exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice; (3) [a]pplicant is otherwise unlawfully held in custody or other restraint; and (4) The conviction or sentence is otherwise subject to collateral attac[k] upon ground(s) of alleged error formerly available under any common law, statutory, or other writ, motion, proceeding, or remedy.

Treating the State's motion as a motion for summary judgment, the district court found the third PCR application was time-barred and Moon failed to show an exception to the statute of limitations. Moon appeals that ruling.

**Standard of Review.**

We review summary dismissals of PCR applications for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). But PCR applications that allege ineffective assistance of counsel implicate constitutional rights and thus

---

Ct. App. May 9, 2007). He also contends the PCR court erred in determining that certain other bad acts evidence admitted at trial did not entitle him to a new trial.

require de novo review. *Id.*; *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019).

Applying summary judgment principles, summary disposition is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994) (citation omitted). The moving party bears the burden of showing that no material fact exists. *C & J Vantage Leasing Co. v. Wolfe*, 795 N.W.2d 65, 73 (Iowa 2011). We view the record in the light most favorable to the nonmoving party. *Eggiman v. Self-Insured Servs. Co.*, 718 N.W.2d 754, 758 (Iowa 2006). We also draw all legitimate inferences from the evidence in favor of the nonmoving party. *C & J Vantage*, 795 N.W.2d at 73.

**Analysis.**

To avoid the summary ruling, Moon asserts there is a genuine material fact issue precluding the summary dismissal. He contends the actual date procedendo was filed, used to calculate the three-year statute of limitations period for a PCR filing, remains a disputed fact. Yet he did not argue this issue or brief it before the district court. Now, he argues the date only appears in the State's motion for summary dismissal and only "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" can be relied on to show no genuine issue of material fact. He counters that "a motion, [is] not a pleading and therefore cannot be considered as part of the body of allegations that the [d]istrict [c]ourt must review in determining whether the State has met its burden to show

that no material fact exists . . . ." Likewise, Moon argues the district court failed to take judicial notice of prior proceedings.[4]

All of this discussion misses the point. Iowa Code section 822.6A (2019)[5] specifically provides that "[t]he underlying trial court record containing the conviction for which an applicant seeks postconviction relief, as well as the court file containing any previous application filed by the applicant relating to the same conviction, shall automatically become part of the record in a claim for postconviction relief under this chapter." Even so, Moon seems to have forgotten that in a published opinion, our supreme court confirmed that "[f]ollowing that appeal [from the conviction], the clerk issued procedendo in July 2002." *Moon*, 911 N.W.2d at 141. And in his reply brief, Moon acknowledged the accuracy of the State's contention that Moon provided the procedendo filing date in his *own* PCR application. Thus the district court appropriately considered the July 2002 procedendo date.

We direct Moon to the lessons he learned in his last PCR filing—there are time limits impacting PCR claims. Section 822.3 addresses that time limit

> [A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

---

[4] In Moon's reply brief, he argues the factual findings from our previous opinions are not "controlling legal authority" so those factual findings cannot be accessed to learn the procedendo filing date. But facts are not "legal authority" and in any event, the facts and procedural history are available from the Iowa Supreme Court decision. *Moon,* 911 N.W.2d at 140–42.

[5] Iowa Code section 822.6A became effective July 1, 2019, before the November 19, 2019 summary ruling here.

The legislative purpose of the statute of limitations in section 822.3 is to reduce stale claims and cause "a sense of repose in the criminal justice system." *Allison v. State*, 914 N.W.2d 866, 872 (Iowa 2018) (citation omitted). Under this time standard, Moon had until July 3, 2005, to apply for PCR. As for the first PCR petition, Moon timely filed the unsuccessful application. Not so with the second PCR filing, which was summarily dismissed. This third PCR application, filed in May 2018, is almost thirteen years beyond the deadline imposed by the statute. So without proving an exception to the application of the statute of limitations in section 822.3, Moon's PCR crusade is over.

Our legislature allows for a summary disposition of a PCR application. Iowa Code section 822.6(3) provides

> The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*See also Moon*, 911 N.W.2d at 142–43 ("We apply our summary judgment standards to summary disposition of postconviction-relief applications."). Moon resisted the summary motion by relying solely on his filed PCR applications, even though now he argues they are not pleadings. In the resistance to the summary dismissal motion, Moon promised

> If given a full evidentiary hearing, it is possible that [Moon] may be able to prove that he received ineffective assistance of trial and PCR counsel in one or more respects. Therefore, [Moon's] claims have legal basis and are dependent upon fact issues to be decided by the ultimate trier of fact following a full hearing and presentation.

"Speculation is not sufficient to generate a genuine issue of fact." *Hlubek v. Pelecky*, 701 N.W.2d 93, 96 (Iowa 2005).

While Moon resisted the motion, he also suggested that *Allison* provided an exception to the statute of limitations, but he raises no specific facts to support those protestations. In *Allison*, a second PCR application might relate back to the time of filing the first PCR if these three conditions existed: (1) the original PCR application must be timely filed under section 822.3, (2) the second PCR application must assert PCR counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim and (3) the successive petition must be "filed promptly after conclusion of the first PCR action." *Allison,* 914 N.W.2d at 890-91. Moon failed to meet the third condition of this test.[6]

Moon frames the question we must answer: "With all due respect to the District Court, did the District Court err by concluding that no genuine issue of material fact exists as to whether Moon filed his third application for postconviction relief "promptly" after Moon's first postconviction relief action had concluded?" The answer is no. Before the district court, the State summarized its position:

---

[6] Additionally, it is unclear *Allison* applies to Moon's 2018 PCR application. In 2019, our legislature amended section 822.3 to include this statement: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section *nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.*" 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3 (Supp. 2019)) (emphasis added). This amendment appears to abrogate *Allison*, although it is not yet clear what PCR applications the amended legislation affects. *See Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2012); *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *2 n.3 (Iowa Ct. App. Sept. 2, 2020) ("Because we hold *Allison* . . . did not save Maddox's second PCR petition, we need not address whether this recent legislation, apparently abrogating *Allison*, applies to this appeal."); *Wilder v. State*, No. 19-0157, 2020 WL 1879703, at *1 n.1 (Iowa Ct. App. Apr. 15, 2020).

> The statute of limitations has lapsed: more than three years passed between the date the procedendo issued (July 3rd, 2002) from Moon's direct appeal and the date he filed this case (May 14th, 2018). Moon does not allege any "ground of fact or law that could not have been raised in the applicable time period." Nor does Moon make any allegations that would justify the expenditure of "judicial resources, promote substantive goals of the criminal law, foster rehabilitation, [or] restore a sense of repose in our system of justice."

(Citations omitted.) We agree with the State's analysis, but also note we have been consistent in our approach of denying relief when a third PCR cause of action is involved. *See Long v. State*, No. 19-0726, 2020 WL 2061934, at *3-4 (Iowa Ct. App., Apr. 29, 2020) (finding third PCR application did not fall within narrow confines of *Allison*); *Smitherman v. State*, No. 19-0331, 2020 WL 3571814, at *2 (Iowa Ct. App. July 1, 2020) (finding fourth PCR claim not allowed); *Morris v. State*, No. 18-1021, 2019 WL 3714820, at *2 n.2 (Iowa Ct. App. Aug. 7, 2019) (finding third PCR claim time-barred); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. Aug. 1, 2018) (noting third PCR application was time-barred). And in any event, this third PCR filing is not "promptly" filed. *See Johnson*, 2021 WL 210700, at *2 (citing cases that confirm the word "promptly" means "in a prompt manner, at once; immediately, quickly"). In sum we agree with the district court's resolution.

**Conclusion.**

Because Moon failed to show his third PCR claim overcomes the time limits of section 822.3, we find the summary dismissal of the third PCR action was correct. We affirm.

**AFFIRMED.**