**IN THE COURT OF APPEALS OF IOWA**

No. 21-1619
Filed April 27, 2022

**IN THE MATTER OF THE ESTATE OF NAOMI HRUSKA, Deceased.**

**RICHARD HRUSKA,**
　　　Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Laura Parrish, Judge.

Richard Hruska appeals from an order granting summary judgment and denying his claim against his mother's estate. **DISMISSED.**

Christopher F. O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP, New Hampton, for appellant.

Nathaniel W. Schwickerath of Schwickerath, P.C., New Hampton, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Richard Hruska appeals from an order granting summary judgment and denying his claim against his mother's estate. He alleges the district court failed to follow the Iowa Rules of Civil Procedure in granting summary judgment. Because we find the alleged issue is moot, we dismiss this appeal.

Richard is the son of the decedent, Naomi Hruska. Notice was provided to creditors of Naomi's estate on September 24, 2019 and October 3, 2019. Richard filed a claim against the estate in probate on March 4, 2021. The executor of Naomi's estate denied Richard's claim and subsequently filed a motion for summary judgment on September 3, 2021. Iowa Rule of Civil Procedure 1.981(3) requires any resistance to such a motion to be filed within fifteen days from the time when a copy of the motion has been served. Richard never filed a resistance.

On September 21, the district court entered an order granting summary judgment and denying Richard's claim. Richard filed a motion to vacate the order, arguing that a hearing was required to be held. However, the permissive language of rule 1.981(3) does not require a hearing. *See Wilmington Sav. Fund Soc'y, FSB v. Smith-Martinez*, No. 17-1402, 2019 WL 3330450, at *4 (Iowa Ct. App. July 24, 2019) ("[A] plain reading of the rule does not require a hearing, as it provides for a 'hearing or nonoral submission.'") (quoting Iowa R. Civ. P. 1.981(3)).

The district court nonetheless vacated its order from September 3 because a procedural error was realized. While parties have fifteen days to file a resistance to motions for summary judgment, rule 1.981(3) also provides that a hearing or nonoral submission shall occur not less than twenty days after filing of the motion. The court's nonoral submission occurred in conjunction with its order granting

summary judgment only eighteen days after the executor filed the motion. As a result, the court simultaneously vacated its September order and entered a new order granting summary judgment on October 1, 2021.

On October 11, Richard filed a motion to reconsider his motion to vacate the September order that had already been vacated, albeit procedurally and not substantively. He argued that he was entitled to notice prior to the September ruling because the district court entered its original order granting summary judgment less than twenty days after the executor's filing. *See Rector v. Sheldon Cmty. Sch.*, No. 08–1320, 2009 WL 143410, at *2 (Iowa Ct. App. Jan. 22, 2009) ("A tribunal need not inform the parties of the date it fixes for nonoral submission 'unless a shorter time [than twenty days] is ordered . . . .'") (alteration in original) (citing Iowa R. Civ. P. 1.981(3)). The district court denied the motion to reconsider. Richard timely appealed.

While the district court failed to provide notice prior to its early ruling, it already self-corrected. The court vacated its order from September 21 and entered a new order granting summary judgement on October 1—more than twenty days after the executor's filing of the motion for summary judgment. Notice is not required for summary judgment rulings entered after this period. *See* Iowa R. Civ. P. 1.981(3). Richard alleges no prejudice arising from the court's initial untimeliness. All materials necessary for the court's consideration were before it, as Richard's window to file a resistance was already expired.[1] In light of the district

---

[1] In his appellate reply brief, Richard contends for the first time that reasonable minds could draw different inferences from the facts before the district court, and therefore, summary judgment was not appropriate. However, Richard failed to file a resistance, and he raised no such contention in his motions to vacate or

court's remedied resolution, we conclude that remanding the matter would have no practical effect and find the issue is moot.[2]  *See Baker v. City of Iowa City*, 750 N.W.2d 93, 97 (Iowa 2008) (finding an issue moot when the potential relief would be of no force or effect on the proceeding).  Accordingly, we dismiss this appeal.

**DISMISSED.**

---

reconsider or in his primary brief on appeal.  Consequently, we find the issue was not properly preserved for our review.  *See Harrington v. Univ. of N. Iowa*, 726 N.W.2d 363, 366 n.2 (Iowa 2007) (finding an issue raised for the first time in a reply brief is not properly presented to the court); *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998) ("Our preservation rule requires that issues must be presented to and passed upon by the district court before they can be raised and decided on appeal.").

[2] We caution, however, that our ruling should not be interpreted to endorse lax compliance with the Iowa Rules of Civil Procedure in any respect.