# IN THE COURT OF APPEALS OF IOWA

No. 23-2063
Filed November 13, 2024

**ANCHOR BAY II OWNER'S ASSOCIATION, TIMOTHY DEVITT, SUSAN DEVITT, MATTHEW ZEMAN, DAWN ZEMAN, RANDY REED, THOMAS FLYNN and TAMARA FLYNN,**
    Plaintiffs-Appellees,

**vs.**

**WOHLOA, Inc.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dickinson County, Nancy L. Whittenburg, Judge.

A homeowner association appeals from the district court's grant of summary judgment in favor of another homeowner association. **AFFIRMED.**

Scott Perrenoud and Claire Wilka (Pro Hac Vice) of Cadwell Sanford Deibert & Garry LLP, Sioux Falls, South Dakota, for appellant.

Daniel E. DeKoter of Dekoter, Thole, Dawson & Rockman & Krikke, P.L.C., Sibley, for appellees.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

WOHLOA, Inc. (WOHLOA) appeals after the district court granted summary judgment in favor of Anchor Bay II Owner's Association (Anchor Bay).[1] Upon our review, we affirm.

## I.    *Background Facts and Proceedings.*

We previously discussed the history of this particular tract of real estate and WOHLOA's inception in a separate proceeding:

> West Okoboji Harbor was developed and platted in 1970. The surrounding marshy area was transformed into a manmade canal system called West Lake Okoboji Harbor.[2] . . . The original 1970 plat subdivided both the harbor and lakefront land into lots, established restrictive covenants, and created a "Lot Owners Association" [the Association]. . . . Over the years, the plat underwent changes, such as amendments to the restrictive covenants and two additions that added lots under its purview [including Anchor Bay].

*See WOHLOA*, 2024 WL 3688501, at *1 (internal footnotes omitted). The original restrictive covenants provided the Association with "responsibility for the repair and maintenance of Habor walls and boardwalks." But it also allowed it to collect assessments from "[e]ach lot owner . . . for the payment of 1/20th part of the expense[s]" as a result of related repair and maintenance projects. These covenants were automatically renewed every ten years unless amended or expired by operation of law. *See* Iowa Code § 614.24(1) (2023) (providing for expiration of "use restrictions" in restrictive covenants after twenty-one years unless properly

---

[1] Anchor Bay is comprised of several property owners: Timothy and Susan Devitt, Matthew and Dawn Zeman, Randy Reed, and Thomas and Tamara Flynn. While these owners were also named individually in this suit, for convenience, we refer to all the plaintiff-appellees jointly as Anchor Bay.

[2] "The canal system was created by enclosing the waterway via construction of a harbor wall and adjacent boardwalk." *WOHLOA, Inc. v. Lake Cabin, LLC*, No. 23-1557, 2024 WL 3688501, at *1 n.1 (Iowa Ct. App. Aug. 7, 2024).

renewed).  At issue are two other documents.  The first, a 1988 merger agreement, merged the two separate additions to the plat into one association and preserved the original restrictive covenants: "The restrictive covenants of each Platting to West Okoboji Harbor shall remain in force for the respective plat."  The second, the Association's 1990 bylaws, purported to adopt new restrictive covenants, although the record is devoid of any proof this was effective.  Neither party presented any evidence of voting members, voting procedures, or compliance with the covenants.

> In September 2020, the Association proposed to its members obtaining a $4,500,000 loan "for the sole purpose of repairing [and] reconstructing the harbor seawall, boardwalk, and associated structures."  The proposal passed.  Members were assessed $345 per quarter to fund the project.  Around the same time, the Association was in discussions about incorporating "for liability purposes, potentially for tax purposes."  The Association planned to discuss the details at a meeting and hold a vote to merge the prior Association into WOHLOA, Inc. . . . . .
> At a February 2021 meeting, the Association voted both to approve the incorporation and the merger, becoming WOHLOA. . . . At a July meeting, WOHLOA discussed the funding necessary to complete the seawall and boardwalk project and proposed an additional $2,500,000 loan.  The vote passed, and members were assessed five equal quarterly payments of $3450 in addition to the original $345 per quarter payment to complete the project.

*WOHLOA*, 2024 WL 3688501, at *2.  Anchor Bay, which is comprised of five individual condominium units, was assessed for the project on a per-unit basis rather than per lot.  In response, Anchor Bay filed suit and sought a declaratory judgment clarifying its obligations for the project assessments.[3]  It later moved for summary judgment, alleging that the restrictive covenants clearly provided for

---

[3] Anchor Bay alleged two additional counts against WOHLOA in its petition.  These claims were later dismissed for mootness, so we do not consider them on appeal.

assessments on a per-lot basis; the court granted the motion in favor of Anchor Bay. WOHLOA appeals.[4]

## II. Review.

"We review a district court's grant of summary judgment for correction of errors at law." *Hedlund v. State*, 930 N.W.2d 707, 715 (Iowa 2019). Viewing "the record in the light most favorable to the nonmoving party," "[s]ummary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018) (citation omitted).

## III. Discussion.

On appeal, WOHLOA argues that the district court erred in granting summary judgement because (1) the court improperly relied on expired restrictive covenants and (2) waiver creates a genuine issue of material fact. But Anchor Bay contends that WOHLOA did not preserve error on either issue, so we first consider the parties' error-preservation arguments.

### A. Error Preservation.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on

---

[4] When WOHLOA appealed directly from the summary judgment ruling, other counts were still pending and the ruling was not a "final order" as required for appeal. *See* Iowa R. App. P. 6.102(2) (establishing the appeal requirements from "a final order"). The Iowa Supreme Court treated WOHLOA's notice of appeal as an application for interlocutory and denied it. *See* Iowa R. App. P. 6.151(1) (permitting the appellate court to proceed with a misfiled case if it "determines another form of review was the proper one"). After the two remaining counts were disposed of, the summary judgment ruling became a final order and WOHLOA properly re-appealed.

appeal." *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). There is little dispute that the court decided both issues raised on appeal, as it expressly noted each issue separately in its ruling. *See id.* at 864 (finding error preserved when the court ruled upon an issue, "even if the court's reasoning is 'incomplete or sparse'" (citation omitted)). We therefore must consider whether WOHLOA properly presented the issues for the court's review. *See id.* at 862.

Anchor Bay contends that WOHLOA is arguing an alternative theory to why the restrictive covenants are no longer in force, one they did not argue below. Specifically, it contends that WOHLOA previously claimed other, more recent documents superseded the covenants, and the district court agreed, characterizing WOHLOA's argument as being "that the mere fact of the bylaws' adoption and the formation of WOHLOA superseded the previous restrictive covenants." But on appeal, WOHLOA claims the more recent documents *modified* the restrictive covenants. While there is a slight distinction between the arguments, "error preservation does not turn on 'hypertechnical' challenges." *See Segura v. State*, 889 N.W.2d 215, 219 (Iowa 2017) (citation omitted). Instead, we must consider the "underlying purpose" of error preservation. *See Olson v. BNSF Ry. Co.*, 999 N.W.2d 289, 296 (Iowa 2023) (citation omitted). That is to provide notice to the court of the relevant issues in the case and to "provide[] the appellate court with an adequate record for review." *Id.* (citation omitted); *see also Lamasters*, 821 N.W.2d at 863 (requiring that "the court was aware of the claim or issue and litigated it" (citation omitted)). This issue was significantly briefed below,

decided by the court, and adequately argued on appeal. We therefore find it preserved for our review.

As to the second issue on appeal, while WOHLOA alluded to waiver below, it failed to cite a single element or provide any analysis on this issue. The court admonished WOHLOA's lackluster attempt in its ruling, albeit while still deciding its merits. While error-preservation principles do not turn "on the thoroughness of counsel's research and briefing," *see Segura*, 889 N.W.2d at 219, we still require parties to present more than just a vague legal conclusion, *see Baker v. City of Iowa City*, 750 N.W.2d 93, 102 (Iowa 2008) (admonishing a party who provided "a conclusory statement" without further argument or cited authority). WOHLOA failed to make more than a passing reference to waiver before its appeal and now asks us to closely analyze this issue "without the benefit of a full record," which "is not a sensible exercise of [our] appellate review." *See Meier*, 641 N.W.2d at 537 (citation omitted). We therefore find this issue unpreserved and do not reach its merits.

*B. Applicability and Enforcement of Restrictive Covenants.*

WOHLOA's remaining argument on appeal is that the restrictive covenants are unenforceable because they were modified by the 1988 merger agreement and the 1990 bylaws. But ignoring clear issue-preclusion concerns,[5] we have

---

[5] Anchor Bay correctly noted to the district court that while WOHLOA claims here that the restrictive covenants are unenforceable, it previously argued the opposite. *See WOHLOA*, 2024 WL 3688501, at *3. But Anchor Bay did not pursue this issue further, and we are not convinced we may do so *sua sponte*. *Cf. In re Marriage of Ginsberg*, 750 N.W.2d 520, 522 (Iowa 2008) (declining to "decide whether a court may raise claim preclusion *sua sponte*"); *but cf. Sullins v. Iowa Dist. Ct. for Polk Cnty.*, No. 16-0958, 2017 WL 5178987, at *4 n.5 (Iowa Ct. App. Nov. 8, 2017)

already determined that these exact restrictive covenants have not expired and are binding to enforce financial provisions. *See WOHLOA*, 2024 WL 3688501, at *4 (finding financial obligations are not "use restrictions" under Iowa Code section 614.24 and therefore do not expire by operation of law). The relevant restrictive covenants here have not expired and clearly state that assessments are made on a per-lot basis.

While we place the summary-judgment burden on the moving party, *see Deeds*, 914 N.W.2d at 339, the nonmoving party is not a passive spectator. WOHLOA "may not rest upon the mere allegations or denials in the pleadings," but "must set forth specific facts showing there is a genuine issue for trial." *See* Iowa R. Civ. P. 1.981(5). This is what is considered "the put up or shut up moment in a lawsuit," where WOHLOA must produce evidence of a genuine dispute or lose on summary judgment. *See Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019) (citation omitted). The covenants provide a clear amendment procedure: agreement by "a majority of the then owners of the lots in the plat." WOHLOA focuses solely on the documents' language and its adoption by members of the Association, but this is not dispositive. *See Scholtus v. Parkside Knolls-South Homeowners Ass'n*, No. 22-0600, 2023 WL 3089879, at *3 (Iowa Ct. App. Apr. 26, 2023) (finding a homeowner association's compliance with its own bylaws is a separate issue from its purported compliance with the covenant amendment procedure). WOHLOA presented no evidence that the Association properly modified the covenants or even that it had the authority to do

---

(noting part of the claims on appeal "are barred by issue preclusion" and permitting the court to raise claim preclusion on its own to dispose of the remaining issues).

so. The voting procedures are not even the same; the covenants require majority agreement by the lot owners in a specific addition while the Association voting procedures merely require a majority vote of all members, many of which are not part of the addition. Without more, we cannot treat the adoption of a separate document using a distinct voting procedure as evidence of modification. *See id.* (finding "amendment was not properly carried out" when an incorrect voting procedure was used).

And even if we were to consider the language in the merger agreement and bylaws as WOHLOA requests, this would not be in its favor. The documents themselves do not purport to modify the restrictive covenants. In fact, the merger agreement expressly reserves the earlier covenants: "The restrictive covenants of each Platting to West Okoboji Harbor shall remain in force for the respective plat." As for the 1990 bylaws, they are silent on its adoption procedure and whether it complied with the amendment procedure in the covenants. WOHLOA concedes on appeal that "there is a void of evidence" regarding the voting procedures, but that is the exact evidence necessary for them to present a genuine issue here. Without this necessary step, we cannot find that the original covenants were ever modified. Instead, we are left only with its language, which clearly assesses harbor wall expenses on a per-lot basis. Accordingly, we find summary judgment was proper.

### IV.    *Disposition.*

Because we find summary judgment was proper on one issue and WOHLOA failed to preserve error on another, we affirm.

**AFFIRMED.**